UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12CV763 CDP |
| | ) |
| SIRKCO, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before me on plaintiff J & J Sports Productions, Inc.'s motion for entry of default judgment against defendants Sirkco, LLC, Jason Spain, and Velma Spain. For the following reasons, the motion for default judgment will be granted in the amount of $3,580.

# BACKGROUND

Plaintiff filed this action on April 30, 2012, to recover damages for defendants' violation of the Communications Act of 1934, 47 U.S.C. §§ 605, et seq. (Count I), and the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. §§ 553, et seq. (Count II). Plaintiff also asserts a claim for conversion under Missouri law (Count III). Plaintiff owns the exclusive nationwide television distribution rights to *The Floyd Mayweather, Jr. v. Shane Mosley, Welterweight Championship Fight Program*. Plaintiff alleges that

defendants displayed the telecast at The City Ultra Lounge, a bar in Saint Louis, Missouri, without purchasing the right to do so.  Plaintiff alleges that Jason Spain and Velma Spain are owners, operators, licensees, permittees, persons in charge, and/or individuals with dominion, oversight, and management of the establishment.  Further, plaintiff asserts that the display was done "willfully and for the purposes of direct or indirect commercial advantage or private financial gain."  Plaintiff seeks statutory damages of $100,000 in Count I; statutory damages of $50,000 in Count II; and compensatory damages of an unspecified amount on the conversion claim.  Plaintiff also seeks attorneys' fees and costs under each count.

The record reflects service of summons upon Sirkco, LLC on August 22, 2012, and upon Jason and Velma Spain on December 9, 2012.  Defendants failed to file a timely answer or other responsive pleading, and on January 28, 2013, the Clerk of Court entered default against all defendants.

In its motion for default judgment against defendants, plaintiff requests an award of statutory damages in the amount of $150,000, post-judgment interest at a rate of nine percent per annum, and court costs.  Plaintiff supports its request for relief with the affidavit of Plaintiff's attorney who attests that plaintiff is entitled to $150,000 in statutory damages under 47 U.S.C. § 605 and $580 in court fees.

**DISCUSSION**

Prior to the entry of a default judgment, this court must satisfy itself that the moving party is entitled to judgment, by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993); *Monsanto v. Hargrove*, No. 4:09CV1628 CEJ, 2011 WL 5330674, at *1 (E.D. Mo. Nov. 7, 2011). After default has been entered, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. *Marshall v. Baggett,* 616 F.3d 849, 852 (8th Cir. 2010) (citation omitted).

However, while factual allegations in the complaint are taken as true, allegations relating to the amount of damages must be proven. Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).

Under the Communications Act of 1934, the court may award a sum not less than $1,000 or more than $10,000, "as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). In addition, "[i]n any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may

increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation . . ." *Id*. § 605(e)(3)(C)(ii). The prevailing party is also entitled to the recovery of full costs, including reasonable attorneys' fees. *Id*. § 605(e)(3)(B)(iii).

I find that, accepting the allegations in plaintiff's complaint as true, plaintiff has established that it is entitled to damages against defendants for a willful violation of 47 U.S.C. § 605 for the purpose of commercial gain. Plaintiff has not requested damages for the alleged violation of 47 U.S.C. § 553 (Count II) or for its state law conversion claim (Count III). Accordingly, I will dismiss these counts without prejudice.

Plaintiff does not clarify how it arrived at its request for statutory damages of $150,000.[1] As such, I lack sufficient information to adequately determine statutory damages above the minimum award. *See J & J Sports Prods., Inc. v. JB Rests., LLC,* No.11-03458-CV-FJG, 2012 WL 3835834, at * 2 (W.D. Mo. Sept. 4, 2012) (awarding $1,000 on default judgment where the plaintiff failed to provide evidence quantifying the amount appropriate for relief and the defendant displayed the plaintiff's telecast without permission on one occasion). Thus, I will award

---

[1] The statutory maximum for a willful violation of 47 U.S.C. § 605 is $100,000. *Id.* § 605(e)(3)(C)(ii). The statutory maximum for a willful violation of 47 U.S.C. § 553 is $50,000. *Id.* § 553(c)(3)(B). It therefore appears that plaintiff mistakenly asked for a default judgment award for both Counts I and II, although the actual motion for default judgment only seeks damages under Count I.

4

plaintiff a total of $3,000, which includes an enhanced award of $2,000 for willfulness. Plaintiff also seeks to recover costs in the amount of $350 for the filing fee, and $230 for service. I find that these are reasonable costs. Plaintiff requests interest on this judgment at the state statutory rate of nine percent. All federal judgments draw interest at the (much lower) federal rate set by federal law, so there is no need to include interest in the judgment form. The plaintiff did not request attorneys' fees in its motion for default judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment [#26] against defendants Sirkco, LLC, Jason Spain, and Velma Spain is granted in part, and a default judgment in the amount of $3,000, plus $580 in costs, will be entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of January, 2013.